**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID A. BROWN | : | |
| | : | |
| Appellant | : | No. 445 WDA 2018 |

Appeal from the PCRA Order March 1, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  538 CR 1991, 585 CR 1991, 420 CR 1992

BEFORE:    PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 11, 2018**

David A. Brown (Appellant) appeals *pro se* from the order denying as untimely his serial petition[1] filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

In 1992, at the above dockets, Appellant was convicted of numerous crimes including rape, aggravated assault, and kidnapping.  As a result, Appellant is serving an aggregate sentence of 41 to 82 years of imprisonment.

Appellant filed the instant *pro se* PCRA petition on June 5, 2017.  On February 7, 2018, the PCRA court provided notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  The PCRA court

---

[1] This is Appellant's fifth PCRA petition at 538 CR 1991 and 585 CR 1991, and third PCRA petition at 420 CR 1992.  PCRA Court Opinion, 5/14/18, at 2.

entered an order dismissing the petition as untimely on March 1, 2018. Appellant filed this timely appeal.[2]

On appeal, Appellant presents four issues:

[1.] WHETHER THE PCRA COURT ERRED IN ITS DETERMINATION OF THE IMPOSED ILLEGAL SENTENCE[?]

[2.] WHETHER THE PCRA COURT ERRED IN THE PROCEEDINGS IT FOLLOWED[?]

[3.] WHETHER THE ALLEYNE DECISION DOES CONFLICT WITH ANOTHER LAW MADE AT A HIGHER LEVEL OF GOVERNMENT[?]

[4.] WHETHER THE PCRA COURT'S DECISION CONTRADICTS THE CONSTITUTION[?]

Appellant's Brief at 3 (unnumbered).

Instantly, the PCRA court denied relief on the basis that Appellant's petition was untimely. Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted). Before we reach the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1).

---

[2] The PCRA court and Appellant have complied with Pa.R.A.P. 1925.

The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." **Id.** at 785. Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant was sentenced more than 25 years ago, and his PCRA petition, filed on June 5, 2017, is facially untimely. The PCRA court explained why Appellant's petition was untimely:

> In his Petition, [Appellant] invoked 42 Pa.C.S.A. §9545(b)(1)(iii) for newly recognized constitutional rights as a timeliness exception and argued he is owed relief [based] on several cases including **Buck v. Davis**, 137 S.Ct. 759 (2017), **Martinez v. Ryan**, 132 S.Ct. 1309 (2012), **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Alleyne v. United States**, 133 S.Ct. 2151 (2013). [Appellant] mistakenly interpreted the most recent of these cases to establish a blanket rule on retroactive applicability of newly established constitutional rights. None of these cases were decided within 60 days of [Appellant's] petition. When a petition invokes an after-recognized constitutional right, the sixty day period begins to run on the date of the underlying decision. **Commonwealth v. Leggett**, 16 A.3d 1144, 1146 (Pa. Super. 2011). **Buck**, the most recent case, was decided on February 22, 2017 and [Appellant's] petition was mailed on June 1, 2017, well beyond the sixty day limitation. 137 S.Ct. 759. Had [Appellant] filed within the sixty days, he still would not have met a timeliness exception as **Buck** does not establish a newly recognized constitutional right.

PCRA Court Opinion, 5/14/18, at 4.

In agreement with the PCRA court, the Commonwealth states that "the only exception to apply in Appellant's case would be the 'after-recognized constitutional right' timeliness exception. *See 42 Pa.C.S.A. 9545(b)(1)(iii)*." Commonwealth Brief at 9. The Commonwealth continues, "[i]n the instant PCRA petition, Appellant cites to several cases and argues those cases set forth a 'blanket rule' on retroactive application of newly established constitutional rights. However, the holdings of these cases are inapplicable to Appellant's current PCRA Petition and/or do not entitle him to relief. **Id.**

Our review confirms that Appellant is not entitled to relief. Appellant's brief is devoid of any meaningful or coherent argument as to why the underlying petition should qualify for an exception to the PCRA's time bar. Although Appellant makes a few vague references to inmates' limited access to legal materials and information in prison, and relates the alleged disadvantage to Section 9545(b)(1)(ii) regarding newly discovered facts, he never articulates what exactly he is claiming, and what new facts "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Appellant's Brief at 5-6; *Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.).

Accordingly, we agree with the PCRA court that Appellant is not entitled to relief because his petition is untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2018